UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1626-GW-ASx | Date | May 20, 2020 |
|---|---|---|---|
| Title | *Tacsis, LLC, et al. v. AGS Assurety, LLC, et al.* | | |

Present: The Honorable    GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

None Present    None Present

**PROCEEDINGS (IN CHAMBERS):    ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

This lawsuit was filed on February 19, 2020, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis of this Court's subject matter jurisdiction. On the plaintiffs' side, there appears to be one limited liability company, a trust, and at least[1] two individuals listed as parties. On the defendants' side, there are two limited liability companies and two individuals. This Court *sua sponte* reviews its own subject matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (indicating that courts must assure themselves of the existence of subject matter jurisdiction before proceeding); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (same). The jurisdictional allegations in the Complaint are deficient.

Plaintiffs will have until Thursday, June 4, to properly account for the citizenship of the parties in this case. As to the limited liability companies, this will require identifying the *members* of those entities and indicating the citizenship of those members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. App'x 62, 64-65 (9th Cir. 2011) (finding defendant LLCs failed to satisfy their burden to show complete diversity of citizenship, where they failed to state citizenship of LLC members and instead simply asserted that none

---

[1]The Complaint's caption identifies the lead plaintiff as "TACSIS, LLC a California Limited Liability Company on behalf of KENT LIMSON, an individual." The Court is unclear whether this means TACSIS, LLC is a plaintiff, KENT LIMSON is a plaintiff, or whether both are plaintiffs. If TACSIS, LLC is actually acting "on behalf of" KENT LIMSON (and/or any other individuals or entities), the Court would also expect the plaintiffs to provide authority for this arrangement, and why it would not present Article III standing problems. The Complaint's caption also appears to list The Carole A. Machado Revocable Living Trust, Christina Catherine Walton Weston and Matthew M. Basco as plaintiffs, but they are not identified as parties in the opening paragraphs of the Complaint. *See* Complaint ¶¶ 1-5. If they are parties, the plaintiffs must allege their citizenship. If they are members of TACSIS, LLC – and not simply "investors" in TACSIS, LLC, *see id.* ¶ 1 – allegations as to their citizenship will also be necessary (along with citizenship allegations concerning all other members, if any) as set forth further herein in this order.

_____  :  _____

Initials of Preparer    JG

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 20-1626-GW-ASx | Date | May 20, 2020 |
|---|---|---|---|
| Title | *Tacsis, LLC, et al. v. AGS Assurety, LLC, et al.* | | |

of the members were citizens of the same state as the plaintiff, Oregon);[2] *Satarco Kish Trading, LLC v. Wamar Int'l Grp., LLC*, No. CV 15-05206 BRO (JCx), 2015 WL 12656920, *1 (C.D. Cal. Jul. 16, 2015) (noting that proper pleading of LLC citizenship requires identification of LLC's owners or members, and allegation of every state of which every owner or member is a citizen); *Airtex Prods., L.P. v. Am. Home Assur. Co.*, No. ED CV 11-01198 SJO (DTBx), 2011 WL 4527436, *2 (C.D. Cal. Sept. 16, 2011) ("Without knowing the identity or citizenship of the members and partners of the Plaintiff companies, the Court cannot possibly determine whether complete diversity exists in this case."); *accord Teleflora LLC v. WB Commerce LLC*, No. CV 15-07176 SJO (SHx), 2015 WL 6951707, *1 n.2 (C.D. Cal. Nov. 10, 2015) (citing *Lindley*, 414 Fed. App'x at 64). Where the limited liability companies have their principal places of business and the states where they are organized, *see* Complaint ¶¶ 1-3, 8-10, is irrelevant to their citizenship(s) for purposes of jurisdiction based upon Section 1332(a).

As to the natural person parties, plaintiffs will have to identify their states of *citizenship*, not merely where they *reside*. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also* Complaint ¶¶ 4-5, 11-12.

Plaintiffs must also properly account for the citizenship of the plaintiff trust (if indeed the trust is a separate plaintiff). *See, e.g.*, *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1227, 1229-31 (9th Cir.), *cert. denied*, 140 S.Ct. 386 (2019).

The Motion to Vacate Defaults Under Fed. R. Civ. Proc., Rule 55(c) set for May 28, 2020, is taken off-calendar. It will be re-set if the plaintiffs properly establish this Court's subject matter jurisdiction. If the plaintiffs are unable to provide the necessary information because they lack access to that information, then they simply do not have the necessary grounds for asserting that the case properly resides in this Court, and the case will be dismissed for lack of subject matter jurisdiction, allowing them to re-file the action in a proper forum.

---

[2]The Court recognizes that *Lindley* is not binding precedent. Instead, this case is cited only for its strong persuasive value with respect to proper pleading of diversity for LLCs. *See* 9th Cir. R. 36-3(a)-(b); Fed. R. App. P. 32.1(a).

:

Initials of Preparer    JG