MICHAEL B. COOPER (Bar No. 267457)
E-Mail: mcooper@mbeachlaw.com
MORGAN M. KENNEDY (Bar No. 290199)
E-Mail: mkennedy@mbeachlaw.com
YOFFE & COOPER, LLP
3713 Highland Ave., Suite 2
Manhattan Beach, California 90266
Telephone:  (310) 982-2699
Facsimile:   (877) 571-9810

Attorneys for Plaintiff TACSIS, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACSIS, LLC a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>AGS ASSURETY, LLC a Nevada Limited Liability Company, ALL NET, LLC, a Nevada Limited Liability Company, JACKIE ROBINSON JR., an individual, TIMOTHY J. ARELLANO, an individual; and DOES 1 THROUGH 100 INCLUSIVE,<br><br>Defendant. | CASE NO. 2:20-cv-01626 GW(ASx)<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1) BREACH OF CONTRACT-BUSINESS LOAN AND SECURITY AGREEMENT;<br>2) BREACH OF CONTRACT-LOAN GUARANTEE;<br>3) BREACH OF CONTRACT-MEMORANDUM OF UNDERSTANDING<br>4) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;<br>5) INTENTIONAL MISREPRESENTATION;<br>6) NEGLIGENT MISREPRESENTATION;<br>7) VIOLATION OF UNFAIR BUSINESS PRACTICES ACT UNDER CIVIL CODE §17200, ET SEQ.<br><br>DEMAND FOR JURY TRIAL |

COMES NOW PLAINTIFF TACSIS, LLC on behalf of KENT LIMSON, THE CAROLE A. MACHADO REVOCABLE LIVING TRUST; CHRISTINA

1

CATHERINE WALTON WESTON and MATTHEW M. BASCO ALLEGE AGAINST DEFENDANTS, AND EACH OF THEM, AS FOLLOWS:

### THE PARTIES

1.     Plaintiff TACSIS, LLC is a California Limited Liability Company with its principal place of business in Los Angeles, California.

2.     Plaintiff is informed and believes and thereon alleges that Defendant AGS ASSURETY, LLC is a Nevada Limited Liability Company with all members being citizens of Nevada.

3.     Plaintiff is informed and believes and thereon alleges that Defendant ALL NET, LLC is a Nevada Limited Liability Company with all members being citizens of Nevada.

4.     Plaintiff is informed and believes and thereon alleges that Defendant Jackie Robinson, Jr. is a citizen of Nevada.

5.     Plaintiff is informed and believes and thereon alleges that Defendant Timothy J.  Arellano is a citizen of Nevada.

6.     The true names and capacities, whether individual, corporate, associate, governmental, or otherwise of defendants designated as Does One through One Hundred, inclusive, are presently unknown to Plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff will seek leave of this Court to amend this Complaint to show the true names and capacities of said defendants when the same become known, or according to proof at trial.  Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein as a Does One through One Hundred was negligent and engaged in the same conduct as the other defendants, and is responsible in some manner for the events and happenings herein referred to, and that their actions and/or negligence proximately caused the injuries and damages sustained by Plaintiff as herein alleged, either through said defendants' own conduct or through the conduct of their agents, servants or employees, or due to

**FIRST AMENDED COMPLAINT**

their ownership, control, rental, use, sale, maintenance, repair, construction, or lease of the property or instrumentality by which Plaintiff's injuries were caused, or in some other manner.

7.    Plaintiff is informed and believes and thereon alleges that each of the Defendants, including Does One through One Hundred, is the agent of the other, and that each of their acts was authorized, ratified, and approved by the other.

## JURISDICTION AND VENUE

8.    Plaintiff TACSIS, LLC is a limited liability company organized and existing under the laws of the state of California.

9.    All of Plaintiff TACSIS, LLC's members are citizens of California.

10.    Upon information and belief, Defendant AGS ASSURETY, LLC is a Nevada Limited Liability Company.

11.    Upon information and belief, all of Defendant AGS ASSURETY, LLC's members are citizens of Nevada.

12.    Upon information and belief, Defendant ALL NET, LLC is a Nevada Limited Liability Company.

13.    Upon information and belief, all of Defendant ALL NET, LLC's members are citizens of Nevada.

14.    Upon information and belief, Defendant Jackie Robinson, Jr. is a citizen of Nevada.

15.    Upon information and belief, Defendant Timothy J. Arellano is a citizen of Nevada.

16.    The amount in controversy is approximately $2,341,512.46.

17.    Therefore, this Court has jurisdiction under 28 USC § 1332 in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars ($75,000).

**FIRST AMENDED COMPLAINT**

18.     Venue is proper in this Court because the contract was entered into and the services rendered in the County of Los Angeles, and Plaintiff resides and conducts business within the County of Los Angeles.

## GENERAL ALLEGATIONS

19.     Plaintiff TACSIS, LLC (hereinafter referred to as "Plaintiff" or "TACSIS") is filing this First Amended Complaint on behalf of the following individuals: Kent Limson, The Carole A. Machado Revocable Living Trust, Christina Catherine Walton Weston, Matthew M. Basco.

20.     Plaintiff provided a series of seven (7) loans to Defendant All Net, LLC, of which Defendant Jackie Robinson, Jr. is the Managing Member. (Collectively referred to as "Defendant All Net") (A true and correct copy of the Business Loan and Security Agreement for each of the seven (7) loans is collectively attached hereto as Exhibit "A".)

21.     Loan numbers #7123598, 7123644, 81433337, 2284737, 7225951, 1224896 and 67352647 totaling $2,227,659.26 were extended over the course of 2018 and 2019.

22.     Each of those loans was secured by a bond issued by Defendant Timothy J. Arellano, as an individual surety together with Defendant AGS Assurety, LLC (Collectively referred to herein as "Defendant AGS") together with Defendant All Net. (Defendant AGS and Defendant All Net are collectively referred to occasionally herein as "Defendants") (A true and correct copy of the Financial Loan Guarantee Agreement for each of the seven (7) loans is collectively attached hereto as Exhibit "B".)

23.     Defendant All Net failed to make the required payments pursuant to the terms of the Business Loan and Security Agreement.

**FIRST AMENDED COMPLAINT**

24.     Thereafter, on or about September 16, 2019, a Default Notification was sent to Defendants. (A true and correct copy of the Default Notification is attached hereto as Exhibit "C".)

25.     On or about October 8, 2019, Defendant AGS, provided Acknowledgement of Receipt of the Default Notice. (A true and correct copy of this correspondence is attached hereto as Exhibit "D".)

26.     Plaintiff is informed and believes and thereon alleges that Defendants misrepresented a pending investment that Defendant All Net anticipated receiving in order to induce Plaintiff into entering the Memorandum of Understanding which would provide an extension of time for Defendants to make the outstanding payments.

27.     Plaintiff is informed and believes and thereon alleges that Defendants also misrepresented the liquidity of Defendant AGS in order to induce Plaintiff into entering the Memorandum of Understanding which would provide an extension of time for Defendants to make the outstanding payments.

28.     Based on the representations made, Plaintiff agreed to enter into a Memorandum of Understanding, in which Defendants were jointly and severally liable for the payment of the principal owed in the amount of **$2,227,659.26** in addition to the accrued interest in the amount of **$113,853.20** for a total of **$2,341,512.46.** Pursuant to the Memorandum of Understanding, the total amount was to be paid in full to Plaintiff no later than January 30, 2020. (A true and correct copy of the Memo of Understanding is attached hereto as Exhibit "E").

29.     Defendants have failed to adhere to the terms of the Memorandum of Understanding, necessitating the instant lawsuit.

///

///

///

///

**FIRST AMENDED COMPLAINT**

**FIRST CAUSE OF ACTION**

**Breach of Contract-Business Loan and Security Agreement**

**(Against Defendant All Net, LLC and Defendant Jackie Robinson (Collectively "Defendant All Net") and DOES 1-100)**

30.    Plaintiff incorporates herein by this reference the allegations set forth in the preceding paragraphs as though set forth fully herein.

31.    Plaintiff is informed and believes and thereon alleges that Plaintiff and Defendant All Net into a Business Loan and Security Agreement for each of the seven (7) loans provided by Plaintiff. (Exhibit "A")

32.    Plaintiff is informed and believes and thereon alleges that Defendant All Net breached the obligations under the Business Loan and Security by failing to remit timely payment, among other things.

33.    Plaintiff is informed and believes and thereon alleges that Plaintiff has fully performed all of its obligations under the both the Business Loan and Security Agreement, except for any covenants, actions or promises which Plaintiff was prevented from performing by the conduct of Defendant All Net which has been excused, waived or estopped from enforcement, Defendant All Net failed to perform obligations under the Business Loan and Security Agreement.

34.    Plaintiff is informed and believes and thereon alleges that Defendant All Net's breach of the Business Loan and Security Agreement is the actual and proximate cause of Plaintiff's damages.

35.    As a result of Defendant All Net's breach of the Business Loan and Security Agreement, Plaintiff has and will suffer damages, which will be proven at the time of trial.

36.    In addition, Plaintiff is entitled to prejudgment interest in an amount subject to proof at the time of trial.

///

**FIRST AMENDED COMPLAINT**

## SECOND CAUSE OF ACTION

### Breach of Contract-Loan Guarantee

### (Against all Defendants and DOES 1-100)

37.     Plaintiff incorporates herein by this reference the allegations set forth in the preceding paragraphs as though set forth fully herein.

38.     Plaintiff is informed and believes and thereon alleges that Defendants entered into a Financial Loan Guarantee Agreement for each of the seven (7) loans provided by Plaintiff. (Exhibit "B")

39.     Plaintiff is informed and believes and thereon alleges that Defendants breached the obligations under the Loan Guarantee by failing to remit timely payment upon notice of default of the Business Loan and Security Agreement, among other things.

40.     Plaintiff is informed and believes and thereon alleges that Plaintiff has fully performed all of its obligations under the Loan Guarantee, except for any covenants, actions or promises which Plaintiff was prevented from performing by the conduct of Defendants which have been excused, waived or estopped from enforcement, while Defendants failed to perform its obligations under the Loan Guarantee.

41.     Plaintiff is informed and believes and thereon alleges that Defendants breach of the Loan Guarantee is the actual and proximate cause of Plaintiff's damages.

42.     As a result of Defendants' breach of the Loan Guarantee, Plaintiff has and will suffer damages, which will be proven at the time of trial.

43.     In addition, Plaintiff is entitled to prejudgment interest in an amount subject to proof at the time of trial.

///

///

///

7

**FIRST AMENDED COMPLAINT**

## THIRD CAUSE OF ACTION

### Breach of Contract-Memorandum of Understanding

### (Against all Defendants and DOES 1-100)

44.     Plaintiff incorporates herein by this reference the allegations set forth in the preceding paragraphs as though set forth fully herein.

45.     Plaintiff agreed to enter into a Memorandum of Understanding, in which Defendants were jointly and severally liable for the payment of the principal owed in the amount of **$2,227,659.26** in addition to the accrued interest in the amount of **$113,853.20** for a total of **$2,341,512.46.** Pursuant to the Memorandum of Understanding, the total amount was to be paid in full to Plaintiff no later than January 30, 2020. (A true and correct copy of the Memo of Understanding is attached hereto as Exhibit "E").

46.     Plaintiff is informed and believes and thereon alleges that Defendants AGS breached the obligations under the Memorandum of Understanding by failing to remit timely payment pursuant to the terms thereof.

47.     Plaintiff is informed and believes and thereon alleges that Plaintiff has fully performed all of its obligations under the Memorandum of Understanding, except for any covenants, actions or promises which Plaintiff was prevented from performing by the conduct of Defendants which have been excused, waived or estopped from enforcement, while Defendants failed to perform its obligations under the Memorandum of Understanding.

48.     Plaintiff is informed and believes and thereon alleges that Defendants' breach of the Memorandum of Understanding is the actual and proximate cause of Plaintiff's damages.

49.     As a result of Defendants' breach of the Memorandum of Understanding, Plaintiff has and will suffer damages, which will be proven at the time of trial.

**FIRST AMENDED COMPLAINT**

1   50.    In addition, Plaintiff is entitled to prejudgment interest in an amount

2   subject to proof at the time of trial.

3                              **FOURTH CAUSE OF ACTION**

4              **Breach of Implied Covenant of Good Faith and Fair Dealing**

5                       **(Against All Defendants and DOES 1-100)**

6   51.    Plaintiff incorporates herein by this reference the allegations the

7   allegations set forth in the preceding paragraphs as though set forth fully herein.

8   52.    Plaintiff is informed and believes and thereon alleges that Plaintiff and

9   Defendant All Net entered into a Business Loan and Security Agreement for each of

10  the seven (7) loans provided by Plaintiff, which contains an implied covenant of good

11  faith and fair dealing. (Exhibit "A")

12  53.    Plaintiff alleges that Defendants entered into a Financial Loan Guarantee

13  Agreement for each of the seven (7) loans provided by Plaintiff, which contains an

14  implied covenant of good faith and fair dealing. (Exhibit "B")

15  54.    Plaintiff alleges that Defendants entered into a Memorandum of

16  Understanding on January 14, 2020, which contains an implied covenant of good faith

17  and fair dealing. (Exhibit "C")

18  55.    Plaintiff is informed and believes and thereon alleges that Defendants

19  breached the obligations under the agreements referenced herein.

20  56.    Plaintiff is informed and believes and thereon alleges that Plaintiff has

21  fully performed all of its obligations under the agreements referenced herein, except

22  for any covenants, actions or promises which Plaintiff was prevented from performing

23  by the conduct of Defendants which have been excused, waived or estopped from

24  enforcement, while Defendants failed to perform its obligations.

25  57.    Plaintiff is informed and believes and thereon alleges that Defendants'

26  breach of the agreements referenced herein is the actual and proximate cause of

27  Plaintiff's damages.

28

**FIRST AMENDED COMPLAINT**

58.  Plaintiff is informed and believes and thereon alleges that Defendants' breach of the agreements referenced herein, Plaintiff has and will suffer damages, which will be proven at the time of trial.

59.  In addition, Plaintiff is entitled to prejudgment interest in an amount subject to proof at the time of trial.

## FIFTH CAUSE OF ACTION

### Intentional Misrepresentation

### (Against all Defendants and DOES 1-100)

60.  Plaintiff incorporates herein by this reference the allegations the allegations set forth in the preceding paragraphs as though set forth fully herein.

61.  Plaintiff is informed and believes and thereon alleges the Defendants, as alleged under this cause of action, made intentional misrepresentations to Plaintiff.

   a.  Specifically, Plaintiff is informed and believes and thereon alleges that Defendants misrepresented a pending investment that Defendant All Net anticipated receiving in order to induce Plaintiff into entering the Memorandum of Understanding.

   b.  Further, Plaintiff is informed and believes and thereon alleges that Defendants misrepresented the liquidity of Defendant AGS in order to induce Plaintiff into entering the Memorandum of Understanding.

62.  Plaintiff is informed and believes and thereon alleges that the Defendants knew that these representations were false when made.

63.  Plaintiff is informed and believes and thereon alleges that the Defendants intended that Plaintiff would rely on the representations made.

64.  Plaintiff is informed and believes and thereon alleges that Plaintiff reasonably relied on Defendants representations.

65.  Plaintiff is informed and believes and thereon alleges that Plaintiff has and will suffer damages, which will be proved at the time of trial.

**FIRST AMENDED COMPLAINT**

66.     Plaintiff is informed and believes and thereon alleges that Defendants actions were the actual and proximate cause of Plaintiff's damages.

67.     Plaintiff is informed and believes and thereon alleges that Defendants acted with malice and oppression, and therefore Plaintiff is entitled to punitive damages.

68.     In addition, Plaintiff is entitled to prejudgment interest in an amount subject to proof at the time of trial.

## SIXTH CAUSE OF ACTION

### Negligent Misrepresentation

### (Against all Defendants and DOES 1-100)

69.     Plaintiff incorporates herein by this reference the allegations the allegations set forth in the preceding paragraphs as though set forth fully herein.

70.     Plaintiff is informed and believes and thereon alleges the Defendants, as alleged under this cause of action, made intentional misrepresentations to Plaintiff.

   a. Specifically, Plaintiff is informed and believes and thereon alleges that Defendants misrepresented a pending investment that Defendant All Net anticipated receiving in order to induce Plaintiff into entering the Memorandum of Understanding.

   b. Further, Plaintiff is informed and believes and thereon alleges that Defendants misrepresented the liquidity of Defendant Arellano together with Defendant AGS in order to induce Plaintiff into entering the Memorandum of Understanding.

71.     Plaintiff is informed and believes and thereon alleges that the Defendants knew that these representations were false when made.

72.     Plaintiff is informed and believes and thereon alleges that the Defendants intended that Plaintiff would rely on the representations made.

**FIRST AMENDED COMPLAINT**

73.     Plaintiff is informed and believes and thereon alleges that Plaintiff reasonably relied on Defendants representations.

74.     Plaintiff is informed and believes and thereon alleges that Plaintiff has and will suffer damages, which will be proved at the time of trial.

75.     Plaintiff is informed and believes and thereon alleges that Defendants actions were the actual and proximate cause of Plaintiff's damages.

76.     Plaintiff is informed and believes and thereon alleges that Defendants acted with malice and oppression, and therefore Plaintiff is entitled to punitive damages.

77.     In addition, Plaintiff is entitled to prejudgment interest in an amount subject to proof at the time of trial.

## SEVENTH CAUSE OF ACTION

**Violation of Unfair Business Practices Act Under Civil Code Sec. 17200, et seq.**

**(Against all Defendants and DOES 1-100)**

78.     Plaintiff incorporates herein by this reference the allegations the allegations set forth in the preceding paragraphs as though set forth fully herein.

79.     Plaintiff is informed and believes and thereon alleges that Defendants unlawfully induced Plaintiff to enter into the Memorandum of Understanding for the sole benefit of Defendants.

80.     Plaintiff is informed and believes and thereon alleges that Defendants intentionally misrepresented current and anticipated financial status for their sole benefit.

81.     Plaintiff is informed and believes and thereon alleges that Defendants unlawful conduct is Defendants' business practice. As a result of Defendants' business practices, Defendants' have received ill-gotten gains.

82.     Plaintiff is informed and believes and thereon alleges that Defendants intentionally induced Plaintiff to enter into the Memorandum of Understanding with

**FIRST AMENDED COMPLAINT**

false representations and with no intention of abiding by the terms of the Memorandum of Understanding.

83.     Plaintiff is informed and believes and thereon alleges that Defendants unfair conduct is Defendants' business practice.

84.     Plaintiff is informed and believes and thereon alleges that Plaintiff has lost money due to Defendants failure to adhere to the terms of the Memorandum of Understanding.

85.     Plaintiff is informed and believes and thereon alleges that Defendants' unlawful and unfair business acts were the actual and proximate cause of Plaintiff's damages.

86.     Plaintiff is informed and believes and thereon alleges that Defendants' unlawful and unfair business acts have damaged Plaintiff, which is subject to proof at the time of trial.

87.     As a result, Plaintiff is informed and believes and thereon alleges that Plaintiff is entitled to restitution and if appropriate, injunctive relief.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

<u>**FIRST CAUSE OF ACTION**</u>

**Breach of Contract-Business Loan and Security Agreement**

**(Against Defendant All Net, LLC and Defendant Jackie Robinson (Collectively "Defendant All Net") and DOES 1-100)**

1.     For general and special damages in an amount according to proof;

2.     For prejudgment interest according to law;

3.     For all costs of suit incurred herein; and

4.     For such other relief as this Court deems just and proper.

///

///

///

## SECOND CAUSE OF ACTION

### Breach of Contract-Loan Guarantee

### (Against all Defendants and DOES 1-100)

1. For general and special damages in an amount according to proof;
2. For prejudgment interest according to law;
3. For all costs of suit incurred herein; and
4. For such other relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION

### Breach of Contract-Memorandum of Understanding

### (Against all Defendants and DOES 1-100)

1. For general and special damages in an amount according to proof;
2. For prejudgment interest according to law;
3. For all costs of suit incurred herein; and
4. For such other relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith and Fair Dealing

### (Against All Defendants and DOES 1-100)

1. For general and special damages in an amount according to proof;
2. For prejudgment interest according to law;
3. For all costs of suit incurred herein; and
4. For such other relief as this Court deems just and proper.

///
///
///
///

14

1

## FIFTH CAUSE OF ACTION

2

### Intentional Misrepresentation

3

### (Against all Defendants and DOES 1-100)

4    1.    For general and special damages in an amount according to proof;

5    2.    For punitive damages;

6    3.    For prejudgment interest according to law;

7    4.    For all costs of suit incurred herein; and

8    5.    For such other relief as this Court deems just and proper.

9

10

## SIXTH CAUSE OF ACTION

11

### Negligent Misrepresentation

12

### (Against all Defendants and DOES 1-100)

13    1.    For general and special damages in an amount according to proof;

14    2.    For punitive damages;

15    3.    For prejudgment interest according to law;

16    4.    For all costs of suit incurred herein; and

17    5.    For such other relief as this Court deems just and proper.

18

19

## SEVENTH CAUSE OF ACTION

20

### Violation of Unfair Business Practices Act Under Civ. Code §§ 17200, et seq.

21

### (Against all Defendants and DOES 1-100)

22

23    1.    For restitution;

24    2.    For injunctive relief;

25    3.    For all costs of suit incurred herein;

26    4.    For reasonable attorney's fees; and

27    5.    For such other relief as this Court deems just and proper.

28

15

1

## **JURY TRIAL DEMANDED**

2

Plaintiff demands a trial by jury of all issues permitted by law.

3

4  DATED: May 26, 2020          YOFFE & COOPER, LLP
                                MICHAEL B. COOPER
5                               MORGAN M. KENNEDY

6

7

8                               By: /s/ Morgan M. Kennedy

9                                   Attorneys for Plaintiff TACSIS, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

**FIRST AMENDED COMPLAINT**