UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | Case No. CV-20-1626-GW-(ASx) | Date | June 24, 2020 |
|---|---|---|---|
| Title | *Tacsis, LLC v. AGS Assurity, LLC, et al.* | Page | 1 of 3 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER DISMISSING ACTION FOR FAILURE TO ESTABLISH SUBJECT MATTER JURISDICTION**

This action was brought on the basis of diversity jurisdiction. *See* Complaint ¶ 14, Docket No. 1. Plaintiff was delineated as "TACSIS, LLC is a California Limited Liability Company with its principal place of business in Los Angeles, California on behalf of Kent Limson, The Carole A. Machado Revocable Living Trust, Christina Catherine Walton Weston, Matthew M. Basco all of whom are investors of Plaintiff TACSIS, LLC."; and defendants were identified as two individuals whom the Plaintiff believed were residing in Clark County, Nevada, and two Nevada Limited Liability Companies. *Id.* ¶¶ 1-5.

On May 20, 2020, the Court issued an Order to Show Cause re Subject Matter Jurisdiction ("OSC"). *See* Docket No. 38. In the OSC, the Court ordered the Plaintiff, by June 4, 2020:

> to properly account for the citizenship of the parties in this case. As to the limited liability companies, this will require identifying the *members* of those entities and indicating the citizenship of those members . . . . [noting that it was insufficient to] simply assert[] that none of the members were citizens of the same state as the plaintiff . . . . [And as] to the natural person parties, plaintiffs will have to identify their states of citizenship, not merely where they reside . . . . Plaintiffs must also properly account for the citizenship of the plaintiff trust (if indeed the trust is a separate plaintiff).

*Id.* at 1-2 (emphasis in original).

Plaintiff filed an Amended Complaint which lists TACSISI, LLC as the sole plaintiff, and describes it as a "limited liability company organized and existing under the laws of the state of California" with all of its "members [being] citizens of California." *See* Amended Complaint ¶¶ 1, 8-9, Docket No. 39. The defendants are two individuals, who are believed to be citizens of Nevada, and two LLCs whose members are believed to be citizens of Nevada. *Id.* ¶¶ 8-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | Case No. CV-20-1626-GW-(ASx) | Date | June 24, 2020 |
| Title | *Tacsis, LLC v. AGS Assurity, LLC, et al.* | Page | 2 of 3 |

Plaintiff's Amended Complaint does not satisfy the requirements of the OSC. As stated in the OSC:

> As to the limited liability companies, this will require identifying the *members* of those entities and indicating the citizenship of those members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. App'x 62, 64-65 (9th Cir. 2011) (finding defendant LLCs failed to satisfy their burden to show complete diversity of citizenship, where they failed to state citizenship of LLC members and instead simply asserted that none of the members were citizens of the same state as the plaintiff, Oregon); *Satarco Kish Trading, LLC v. Wamar Int'l Grp., LLC*, No. CV 15-05206 BRO (JCx), 2015 WL 12656920, *1 (C.D. Cal. Jul. 16, 2015) (noting that proper pleading of LLC citizenship requires identification of LLC's owners or members, and allegation of every state of which every owner or member is a citizen); *Airtex Prods., L.P. v. Am. Home Assur. Co.*, No. ED CV 11-01198 SJO (DTBx), 2011 WL 4527436, *2 (C.D. Cal. Sept. 16, 2011) ("Without knowing the identity or citizenship of the members and partners of the Plaintiff companies, the Court cannot possibly determine whether complete diversity exists in this case."); *accord Teleflora LLC v. WB Commerce LLC*, No. CV 15-07176 SJO (SHx), 2015 WL 6951707, *1 n.2 (C.D. Cal. Nov. 10, 2015) (citing *Lindley*, 414 Fed. App'x at 64).

*See* Docket No. 38 at 1-2 (footnote omitted).[1]

Even if the Court were inclined – as *Carolina Casualty Insurance Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1087-88 (9th Cir. 2014), may require[2] – to give the Plaintiff a break with respect to its failure in regards to the two defendant LLCs (because maybe Plaintiff doesn't know who their members are,[3] and the defendants admit in their amended answer that all of the members

---

[1] The Court is aware that in in their Answer to the Amended Complaint, the defendants admit that "all members of AGS ASSURETY, LLC, are citizens of Nevada" and "all members of ALL NET, LLC, are citizens of Nevada." *See* defendants' Answer ¶¶ 11, 13, Docket No. 42.

[2] In *Lindsay*, the Ninth Circuit held that the case fell within an "unusual circumstance" where the plaintiff had demonstrated that it could not allege the citizenship of two LLCs because plaintiff "explained in its motion for reconsideration that it had made efforts to determine the citizenship of the two LLCs and four of the eight individual defendants but it was unable to do so from publicly available information." 741 F.3d at 1087. Plaintiff herein has not made any such showing.

[3] Under NRS 86.263, a Nevada LLC at the time of its filing articles of organization with the Secretary of State (and annually thereafter) must include a list containing, *inter alia*, the "names and titles of all of its managers or,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | Case No. CV-20-1626-GW-(ASx) | Date | June 24, 2020 |
| Title | *Tacsis, LLC v. AGS Assurity, LLC, et al.* | Page | 3 of 3 |

– whoever/whatever they are – are citizens of Nevada), Plaintiff does not identify its own members, merely stating that they are all citizens of California, which the Court has explicitly indicated was not sufficient. Surely Plaintiff has no information-deficiency with respect to its own members.

In its May 20, 2020 order, the Court was quite clear that it expected Plaintiff to both identify the members of any LLC (which obviously included the plaintiff LLC) and indicate those members' citizenships. Plaintiff has not done so. The Court dismisses this action for failure to establish diversity jurisdiction.

---

if there is no manager, all of its managing members [and the] address, either residence or business, of each manager or managing member listed, following the name of the manager or managing member."